**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDRE WILBURN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>Respondent. | Civil Action<br>No. 26-5100 (CPO)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). For the reasons stated in this Opinion, the Court will dismiss the Petition with prejudice for lack of jurisdiction.

## I. BACKGROUND

This case arises from Petitioner's challenges to his federal conviction and sentence. On November 14, 2024, the United States District Court for the Eastern District of New York sentenced Petitioner to a 360-month term of imprisonment followed by a 5-year term of supervised release for enticing a minor to engage in sexual activity. *See* (*Id*. at 1); *United States v. Wilburn*, Crim. No. 19-108. ECF No. 407, at 1–3 (E.D.N.Y. Feb. 4, 2025) (amended judgment). Petitioner filed an appeal, which remains pending before the Second Circuit. *See United States v. Wilburn*, No. 24-3158 (2d Cir.).

Petitioner challenges his conviction and sentence on the grounds that: (1) he is "actually innocent" and his guilty plea was coerced; (2) he received ineffective assistance of counsel; (3) there was prosecutorial misconduct; and (4) the sentencing court engaged in judicial misconduct. (ECF No. 1, at 6–7).

Prior to filing the instant Petition, Petitioner filed at least three § 2241 petitions challenging the validity of his conviction and sentence. In each case, the petitions were denied primarily because § 2255 was not inadequate or ineffective to pursue his claims. *See Wilburn v. United States*, No. 25-73, ECF No. 9, at 5–7 (N.D.W. Va. July 1, 2025); *Wilburn v. United States*, No. 25-57, ECF No. 13, at 3–4 (N.D.W. Va. Mar. 25, 2025); *Wilburn v. United States*, No. 24-5228, ECF No. 6, at 1–3 (E.D.N.Y. Oct. 1, 2024) (denying the petition on the additional ground that the Petitioner had not yet been sentenced).

In February of 2025, the Eastern District of New York barred Petitioner from "filing further motions or pleadings related to his 2024 criminal convictions in [that Court] unless he first receives leave of the Court." *Wilburn*, Crim. No. 19-108, ECF No. 406, at 6 (E.D.N.Y. Feb. 4, 2025) (noting Petitioner's pending appeal and finding that he "exceeded the bounds of tolerable litigation conduct by filing numerous motions attempting to relitigate the same issues after repeated warning[s] from the Court to cease doing so"). As of the date of this Opinion, he has not yet filed a § 2255 motion. (*See* ECF No. 1, at 3–4).

The Petitioner filed the instant Petition in May of 2026. The Court ordered a limited answer on the issue of jurisdiction. (ECF No. 4). Respondent filed a Limited Answer opposing relief, (ECF No. 6), and Petitioner filed a Reply, (ECF No. 9).

## II. STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether"

the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

## III. DISCUSSION

The Court must address the issue of jurisdiction as it appears that the Court lacks jurisdiction under § 2241 to hear the Petition. Petitioner contends that his federal conviction and sentence are invalid on the grounds that: (1) he is "actually innocent" and his guilty plea was coerced; (2) he received ineffective assistance of counsel; (3) there was prosecutorial misconduct; and (4) there was judicial misconduct. (ECF No. 1, at 6–7).

Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is because 28 U.S.C. § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). More specifically, the "saving clause" in § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). Rather, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539.

In *Jones*, the Supreme Court "sharply curtail[ed] the use of the saving[] clause for collateral attacks under § 2241," and limited its use to "the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Parke v. Bergami*, No. 21-20385, 2023 WL 6619636, at *2 (D.N.J. Oct. 11, 2023) (quoting *Jones*, 599 U.S. at 474); *see also Polk v. Warden Allenwood FCI*, No. 19-3336, 2023 WL 8665979, at *2 (3d Cir. Dec. 15, 2023); *Ferguson v. Warden Fairton FCI*, No. 17-2819, 2023 WL 8295925, at *2 (3d Cir. Dec. 1, 2023). As an example, the Supreme Court explained that such circumstances include "the sentencing court's dissolution; [as] a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 474; *see id*. at 504 (J. Jackson, dissenting) (explaining that the "impossible or impracticable" standard effectively limits the saving clause to situations such as when the sentencing court "has burned to the ground or been carried away by a mudslide"). Additionally, "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones*, 599 U.S. at 475 (cleaned up). Thus, post-*Jones*, the saving clause under § 2255(e) only "preserves recourse to § 2241 in cases where unusual

circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

Here, § 2255 is not inadequate or ineffective to raise Petitioner's claims. As to Ground One, § 2255 is not inadequate or ineffective to challenge the voluntariness of a guilty plea, *see, e.g.*, *United States v. Ricketts*, No. 24-1268, 2025 WL 1065242, at *1–2 (3d Cir. Apr. 9, 2025) (discussing challenges to the voluntariness of a plea under § 2255); *Francis v. Smith*, 165 F. App'x 199, 200 (3d Cir. 2006), or raise a claim of actual innocence, *see e.g.*, *Sharpe v. Shartle*, 441 F. App'x 66, 68 (3d Cir. 2011) (finding actual innocence claim cognizable under § 2255); *Tawalbeh v. Grondolsky*, 362 F. App'x 232, 234–35 (3d Cir. 2010).

Turning to Ground Two, a petitioner can plainly raise ineffective assistance of counsel claims under § 2255. *See, e.g.*, *United States v. Layton*, 366 F. App'x 432, 435 (3d Cir. 2010) ("Sixth Amendment claims of ineffective assistance of counsel should be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255." (quoting *United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002) (cleaned up)). Similarly, regarding Ground Three, § 2255 is not inadequate or ineffective to raise prosecutorial misconduct claims. *E.g.*, *Tawalbeh*, 362 F. App'x at 235 ("Section 2255 is not inadequate or ineffective . . . [for] litigating his claims of . . . . prosecutorial misconduct."); *see also Drabovskiy v. Warden FCI Allenwood*, 534 F. App'x 98, 100 (3d Cir. 2013).

Finally, as to Ground Four, § 2255 is not inadequate or ineffective to raise judicial misconduct claims. *E.g.*, *Robinson v. Ortiz*, No. 18-859, 2018 WL 6318372, at *2 n.2 (D.N.J. Nov. 30, 2018), *aff'd sub nom. Robinson v. Warden Fort Dix FCI*, No. 18-3755, 2019 WL 2525402 (3d Cir. May 6, 2019) ("[J]udicial misconduct can provide a proper basis for relief under § 2255.");

*United States v. Rashid*, No. 08-493, 2017 WL 2875378, at *5 (E.D. Pa. June 20, 2017) (adjudicating judicial misconduct claim under § 2255).

Nor has Petitioner otherwise met the "impossible or impracticable" standard to trigger the saving clause, *Jones*, 599 U.S. at 474, as his sentencing court, the United States District Court for the Eastern District of New York, has not "burned to the ground or been carried away by" the waves. *Id*. at 504 (J. Jackson, dissenting).

Petitioner argues that it is "impossible and impracticable for [him] to pursue" a § 2255 motion before his sentencing court because: (1) § 2255 "is unavailable while a direct appeal is pending" and his direct appeal does not yet have a briefing schedule; and (2) his sentencing court barred him from filing further challenges to his conviction and sentence. (*See* ECF No. 9, at 2–3, 5–6).

While it is true that a sentencing court will ordinarily decline to adjudicate a § 2255 motion while a direct appeal remains pending, *see, e.g.*, *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999) (explaining that a § 2255 motion is "generally inappropriate if the possibility of further direct review remains open" because those appeals may render the § 2255 motion unnecessary), it is the Petitioner's choice to pursue that appeal. That pursuit may postpone collateral review, but it does not render § 2255 inadequate or ineffective. *E.g.*, *Mesina v. Johns*, 150 F. App'x 129, 130 (3d Cir. 2005) (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)) ( "[A] delay in submitting a § 2255 motion until the direct appeals are resolved . . . [does not] render[] § 2255 inadequate or ineffective."); *Kieffer v. Baltazar*, No. 14-01547, 2015 WL 1013946, at *3 n.4 (M.D. Pa. Mar. 9, 2015), *aff'd sub nom. Kieffer v. Warden Allenwood LSCI*, 616 F. App'x 464 (3d Cir. 2015) (same). Petitioner remains free to prosecute his appeals to completion and then seek relief

under § 2255 or discontinue his appeals and pursue a § 2255 motion now,[1] but neither path renders it "impossible or impracticable" to seek relief before his sentencing court. *See, e.g.*, *Jones*, 599 U.S. at 474; *Mesina*, 150 F. App'x at 130. Similarly, because the sentencing court's filing injunction only requires Petitioner to seek leave before challenging his conviction and sentence, *see Wilburn*, Crim. No. 19-108, ECF No. 406, at 6, it is not "impossible or impracticable" to seek relief. *See, e.g.*, *Jones*, 599 U.S. at 474. In any event, under any of these scenarios, "[i]t is the inefficacy of the remedy, not [Petitioner's] personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538. Accordingly, this Court lacks jurisdiction under § 2241 to consider the Petition.

When a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In light of the sentencing court's filing injunction, and because Petitioner's direct appeal remains pending, the Court finds that it is not in the interest of justice to transfer this matter to the Eastern District of New York. *See, e.g.*, *Bartok v. Warden Loretto FCI*, 609 F. App'x 707, 710 (3d Cir. 2015) (finding that the district court "did not err in declining to construe [the] § 2241 petition as a motion under § 2255 (to be transferred to the [sentencing court]), as such a motion would have been subject to dismissal as premature because it was filed prior to the resolution of [petitioner's] direct appeal"); *Kapral*, 166 F.3d at 570–72 (explaining that a § 2255 motion is "generally inappropriate if the possibility of

[1] In general, abandoning a direct appeal may have consequences in a later § 2255 proceeding, including procedural default of claims that could have been raised on direct review. *See generally Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). The Court expresses no view as to whether Petitioner should discontinue his appeal or what effect such a decision might have on any future § 2255 motion.

further direct review remains"). Of course, this decision does not preclude Petitioner from pursuing[2] his first § 2255 motion before the Eastern District of New York on his own.

## IV. CONCLUSION

For the reasons above, the Court will dismiss the Petition with prejudice for lack of jurisdiction. An appropriate Order follows.

Dated: September 28, 2026

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

[2] In his Reply, the Petitioner alleges that he attempted to file numerous documents before his sentencing court, including a § 2255 motion, but his filings were improperly rejected under the filing injunction. (*See* ECF 9, at 2). The Court expresses no view as to the propriety of the sentencing court's actions in those particular circumstances.